UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DARNELL KEY, | ) | CASE NO.  1:10CV0009 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN, MAHONING COUNTY JAIL, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner James Darnell Key filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for Southern District of Ohio. *Key v. Warden, Mahoning County*, No. 2:09cv1151 (S.D. Ohio filed Dec. 22, 2009) (Holschuh, J.) Mr. Key was being held in Mahoning County Jail in Youngstown, Ohio at the time he filed the Motion.[1]

Judge Holschuh construed Mr. Key's Motion as a challenge to the execution of his sentence pursuant to 28 U.S.C. § 2241. Accordingly, an Order was issued on January 4, 2010 which transferred the matter to this court as having personal jurisdiction over the respondent and petitioner's custodian, Warden of the Mahoning County Jail. The matter is now before the court as the above-captioned case.

BACKGROUND

Mr. Key was indicted in 1978 on charges of armed robbery of a United States Post Office in the United States District Court for the Southern District Court of Ohio. *United States v.*

---

[1] Since filing the Motion to Vacate, Mr. Key has been transferred to the Metropolitan Detention Center in Brooklyn, New York.

1

*Key*, No. 2:78-cr-0048 (S.D. Ohio June 5, 1978). He pleaded guilty to a superceding indictment and was sentenced to 10 years imprisonment on August 29, 1978.

Released on parole in 1983, Mr. Key was arrested by Ohio authorities a year later. After he was imprisoned by the state,[2] a federal detainer was lodged by the United States Marshals regarding a violation of petitioner's federal probation. He claims that in 1992 he received a

> preliminary hearing in which he was visited by a parole commission member who determined that his parole should be revoked and upon completion of his state sentence, he would be returned to a federal prison for a final revocation hearing before the parole board.

(Pet. at 2.)

Mr. Key states he was paroled on August 19, 2009 by the State of Ohio. Consistent with the federal detainer lodged in 1984, petitioner was taken into federal custody and housed at Mahoning County Jail. It was at that time, he filed a Motion to Vacate in the Southern District Court of Ohio. As of the date of filing, he claimed he had waited over 100 days for a final hearing on his federal probation violation.

As noted above, the matter was construed as a federal habeas petition attacking the respondent's execution of Mr. Key's federal sentence. For the reasons set forth below, the petition is dismissed.

## ANALYSIS

Mr. Key acknowledges he is not entitled to the full "panoply of rights due a

---

[2] Mr. Key was convicted in the Franklin County Court of Common Pleas of attempted aggravated burglary and possession of criminal tools. The Ohio Tenth District Court of Appeals affirmed the conviction in 1985. *State v. Key*, No. 85AP-307, 1985 WL 10182 (Ohio App. Ct. 10th Dist. Sept. 26, 1985).

Around the same time period, petitioner was also convicted of burglary, two counts of rape, and kidnapping. On appeal to the Ohio Tenth District Court of Appeals, his conviction of kidnapping was reversed and the cause was remanded for modification of Mr. Key's sentence, accordingly. *State v. Key,* No. No. 85AP-969, 1986 WL 6895 (Ohio App. Ct. 10th Dist June 19, 1986).

defendant in a criminal proceeding," but believes he is still entitled to the protection of the Fourteenth Amendment when faced with the revocation of his parole. Citing *Morrissey v. Brewer*, 408 U.S. 471 (1978), he outlines basic rights to which he believes he is still entitled as a parolee. As such, he asserts that the Due Process Clause entitles him to a final revocation hearing within a reasonable period of time. Moreover, he avers that, if Rule 32.1 of the Federal Rules of Criminal Procedure applies to him, his rights are being violated because he was denied the provisions of this rule.

As relief, petitioner asks this court to establish the original parole term imposed by the sentencing court. The net result of his request is an order directing his parole violation sentence to run concurrently with the state sentence he just completed. Mr. Key asks the court to consider the fact that he has 1429 days left to serve for his parole violation, but has already served 24 years of his state sentence, is now 63 years old with "various health issues plus the State of Ohio has determined overwhelmingly that he would make a good parole candidate." (Mot. at 5.) It is Mr. Key's opinion that further incarceration would serve no purpose.

28 U.S.C. § 2241

If a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. *United States v. Peterman*, 249 F.3d 458, 461 (6$^{th}$Cir.), *cert. denied*, 122 S. Ct. 493 (2001). At the time Mr. Key filed his petition, he was physically held in Mahoning County Jail in Youngstown, Ohio at the direction of the United States Parole Commission. Because this court has personal jurisdiction over the warden at Mahoning County Jail, the matter was properly transferred to this court. Even though it appears petitioner has since been transferred to a prison in Brooklyn, New York, *see* http://www.bop.gov/iloc2/LocateInmate.jsp, this court retains personal jurisdiction for federal

habeas purposes. *Ex parte Endo*, 323 U.S. 283, 307 (1944)("Th[e] objective [of habeas relief] may be in no way impaired or defeated by the removal of the prisoner from the territorial jurisdiction of the District Court.")

PAROLEE'S RIGHT TO DUE PROCESS

The Supreme Court has held that a parolee is entitled to due process before his parole may be revoked. *Morrissey v. Brewer*, 408 U.S. 471, 488-89 (1972). Here, Mr. Key asserts the Parole Commission has violated his constitutional rights because it failed to hold a final revocation hearing within a reasonable period of time.

The relevant statute to which petitioner's claim refers is contained within the Parole Commission and Reorganization Act, 18 U.S.C. § 4201 *et seq*.[3] Because Mr. Key was convicted of a criminal offense by the State of Ohio after his release on federal parole, probable cause existed to revoke his parole. *See* 18 U.S.C. § 4214(b)(1). Therefore the parole violation warrant issued pursuant to § 4213 was placed against him as a detainer. *Id*. Consistent with the provisions of the statute, the detainer would be reviewed by the Commission within 180 days from the date it was notified of the prisoner's placement. Mr. Key does not allege he was deprived of any process due him during this stage. It appears the Commission held a "disposition review" and determined the detainer/warrant should stand. 18 U.S.C. § 4214(b)(2)&(3).

Upon the completion of his state sentence, Mr. Key was retaken by the Commission. It is at this stage he complains his right to due process is being violated. The court presumes his complaint is grounded in the statute's provision that he "shall receive a revocation

---

[3] Although the statute was repealed in 1984 under §11017(a) of the 21st Century Department of Justice Appropriations Authorization Act, Pub. L. No. 107-273, the period that this chapter remains in effect after Nov. 1, 1987 was extended from twenty-one years to twenty-four years by Public Law 110-312, § 2, Aug. 12, 2008,122 Stat. 3013.

hearing within ninety days of the date of retaking." 18 U.S.C. § 4214(c). As a remedy, petitioner asks this court to release him based on time served for his parole violation. While some constitutional violations may entitle a petitioner to seek early release, the Act is silent about the appropriate remedy when the Parole Commission allegedly fails to act within the statutory deadlines.

### DELAYED FINAL REVOCATION HEARING

In addressing an issue similar to the issue raised by Mr. Key herein, the Sixth Circuit Court of Appeals in *Northington v. U.S. Parole Commission,* 587 F.2d 2 (6th Cir. 1978), found the legislative history of the Act instructive, noting as follows:

> we believe we are required to take cognizance of the intentions of Congress, as stated on the floor of the House and Senate by Representative Kastenmeier and Senator Burdick, the respective managers of the bill concerned. In commenting on the deadlines contained in the bill, Representative Kastenmeier reported to the House of Representatives:
>
> If the Commission fails to act in accordance with these deadlines, the prisoner or parolee would not automatically be released from confinement, but he could compel the Commission to make their decision promptly.
>
> (I)f for some reason they were unable to meet a time deadline, the prisoner or parolee could solicit the assistance of the court under existing section 1361 U.S.C. 82 (sic 28), which is an action in mandamus to compel an employee of the United States to perform his duty. 122 Cong. Rec. H1500 (March 3, 1976).
>
> Similarly commenting on the same topic, Senator Burdick stated to the Senate:
>
> (T)he conferees acknowledge that from time to time extraordinary reasons may result in delay in making any of the decisions. If a legal remedy is necessary in the absence of good faith effort on the part of the Commission, the remedy available to the prisoner or parolee is to compel the decision, not release from custody. 122 Cong. Rec. S2573 (March 2, 1976).

*Id.* at 3.

In finding that a hearing held one hundred and fourteen (114) days after execution of the parole violator warrant was not so lengthy that per se prejudice may be inferred, the Court in *Northington* held that a "petitioner is entitled to habeas corpus relief only upon 'a showing of

demonstrated prejudice severe enough to render the revocation hearing inadequate in terms of relief.'" *Id.* (citation omitted).

In his petition, Mr. Keys asserts that he has been in "federal custody in the Mahoning County Jail for well over 100 days." (Compl., p. 4.) He has not alleged that he has been prejudiced by the delay. Accordingly, based upon the Sixth Circuit's decision in *Northington, supra*, Mr. Key's habeas claim is, at best, premature. Because a revocation hearing has yet to be held, the appropriate remedy for an untimely review, absent prejudice, is a writ of mandamus to compel a hearing. *Dolfi v. Bogan*, No. 93-1159, 1993 WL 213683 (6th Cir. June 17, 1993); *Heath v. United States Parole Comm'n*, 788 F.2d 85, 89 (2d Cir. 1986). There is no indication Mr. Key filed such a claim and the court declines to construe his petition as such.

Once a final revocation hearing has been held, petitioner may still file a habeas petition. The burden will be on him to show how he was prejudiced in his ability to defend the parole violation charges because of a delay in completing his revocation hearing. *See Taylor v. Ruffino*, No. 93-5993, 1994 WL 84932 (6th Cir. Mar. 11, 1994) (unpublished order) (habeas relief not warranted where petitioner failed to show that revocation hearing delay actually prejudiced him); *Villarreal v. United States Parole Comm'n*, 985 F.2d 835, 837 (5th Cir. 1993) (154-day delay between arrest and final hearing did not violate due process absent showing of prejudice); *Meador v. Knowles*, 990 F.2d 503, 505 (9th Cir. 1993) (due process violated only when revocation hearing delay is both unreasonable and prejudicial); *Heath v. United States Parole Comm'n*, 788 F.2d 85, 89 (2d Cir. 1986) (predicating habeas relief upon showing of prejudice or bad faith).

## CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243.[4]

The court certifies that an appeal from this decision could not be taken in good faith.[5]

      **IT IS SO ORDERED**.

Dated: March 22, 2010

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**

---

[4]The statute provides, in relevant part:

                              \* \* \*

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ [. . .] , *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

[5] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."